# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Candace Barnes,            )
                           )
       Plaintiff,   )
                           )   Civil Action No. _____
v.                         )
                           )
Collection Technology, Inc., )
Jane Doe a/k/a Brittany Adams and )
John Doe a/k/a Blake Savage, )
                           )
       Defendants.  )

## COMPLAINT

## JURY TRIAL DEMANDED

## **JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

## PARTIES

4. Plaintiff Candace Barnes (hereinafter "Plaintiff"), is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Collection Technology, Inc. (hereinafter "Defendant CTI"), is a collection agency operating from an address of 1200 Corporate Center Drive, Suite 325, Monterey Park, CA 91754 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Brittany Adams, which upon information and belief is an alias, (hereinafter "Defendant Jane") is a natural person employed by Defendant CTI as a collection agent and is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Blake Savage, which upon information and belief is an alias, (hereinafter "Defendant John") is a natural person employed by Defendant CTI as a collection agent and is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

8. Sometime prior to February 2010, upon information and belief, Plaintiff incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), specifically a student loan.

9. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant CTI for collection.

10. On February 5, 2010 Defendant CTI's debt collection agent, Defendant Jane, left a message on Plaintiff's telephone which failed to communicate that Defendant Jane is a debt collector and attempting to collect a debt.  The message stated, "Hi, this message is for Candace Barnes, Candace my name is Britney Adams calling from CTI, take the time to return my phone call 800-620-4284 extension 3117, Candace this is time sensitive and it would really be on your best interest to contact me as soon as possible, so my contact information again 800-620-4284 extension 3117, message is for Candace Barnes, my name is Britney Adams, Candace like I said it would be on your best interest to contact me so at the very least you can be informed of the full severity and the details on what's going on [on] your behalf in my office, so your number is 629463, that's your reference number, 800-620-4284 extension 3117, Candace contact me as soon as possible so I can go over what this call is in regards to, thanks."

11. On March 8, 2010 Defendant John contacted Plaintiff by telephone.  Plaintiff informed Defendant John that Plaintiff was represented by an attorney regarding the debt that Defendant John was attempting to collect.  Plaintiff conveyed to Defendant John the name and telephone number of her attorney, Mark L. Vavreck.  Plaintiff instructed Defendant John to contact her attorney directly and not to continue to contact her anymore for any reason.

12. Defendant John explained to Plaintiff that he was required to have Plaintiff send a letter that she had an attorney. He further explained that he could not speak with her attorney unless she gave him permission with her attorney on the telephone. Defendant John then stated that he would call her attorney and put Plaintiff on hold. Defendant John then came back onto the telephone line and explained that he was unable to reach Plaintiff's attorney and that he left a message for her attorney to contact him.

13. On March 10, 2010 Defendant John spoke with Plaintiff's attorney, Mark L. Vavreck. Defendant John stated that he was not able to disclose any information to Plaintiff's attorney under federal law because it would be a third party contact unless Plaintiff's attorney sent Defendant John a letter to prove that he was legally retained by Plaintiff.

14. Defendant John demanded that Plaintiff's attorney send a letter of retention. Plaintiff's attorney explained that he was not required by law to send anything to Defendant John, and stated, "All communications regarding Plaintiff and any debt that you are collecting need to come through this office."

15. Despite having actual knowledge of Plaintiff's attorney who represented Plaintiff regarding the debt that Defendant John was collecting, Defendant John threatened to contact Plaintiff directly at her work place the following day.

16. Plaintiff's attorney again explained that all communication regarding any

collection matter with Plaintiff needs to be directed to his office and not to his client. Defendant John then ended the telephone conversation.

17. After the previous telephone conversation, Defendant John called back Plaintiff's attorney, again demanding a letter of representation. Defendant John demanded a "letter of retainer."

18. Plaintiff's attorney again stated to Defendant John that he was not required to provide any documentation to Defendant John regarding the scope of his legal representation or a "letter of retainer."

19. Plaintiff's attorney firmly stated that his office legally represented Plaintiff and that all communications regarding any debt the Defendant John was attempting to collect needed to come through his office."

20. Defendant John stated that without a letter of retention Defendant John could contact Plaintiff directly.

21. Plaintiff's attorney stated to Defendant John, "You do not have permission to directly contact my client."

22. Despite being advised several times by Plaintiff's attorney that Plaintiff was represented and not to contact Plaintiff directly, Defendant John finished the conversation by stating, "I am going to contact your client directly…" and then hung up the telephone on Plaintiff's attorney.

23. On March 10, 2010, at 1:49 p.m., Defendant John then called Plaintiff directly and left a voicemail message. The message stated, "Hi, this message is for Miss Candace Barnes, this is Blake Savage calling from CTI, I wanted

5

to update you on what exactly is going on, I sp.. call.. sp.. called… spoke with Mark Vavreck, there's a particular thing that we actually need and in actually be from you to be able to speak with.. uh.. with with Mr. Vavreck, my phone number here is 800-620-4284, that's 800-620-4284, my extension 3, I'm sorry, my extension is 3128, that's 3128, when calling use reference number is 629463, once again is 629463.  It is something that it's time sensitive, we've been in communications with your place of employment, so we want to speak with you on regards that as soon as you get this message."

24. Defendant John's telephone call failed to properly reference that he was a debt collector attempting to collect a debt.

25. Defendant John's telephone call was made after Defendant John had actual knowledge of the name and telephone number of Plaintiff's attorney who represented Plaintiff regarding the debt that Defendant John was attempting to collect.

26. The conduct of Defendants by contacting a consumer after it knows the consumer to be represented by an attorney with regard to the debt being collected and without attorney consent, using conduct the natural consequence of which is to harass, oppress, or abuse any person, using false, deceptive, or misleading representations in connection with the debt collection, threatening to take any action that cannot legally be taken or that is not intended to be taken, failing to communicate that Defendants are debt collectors and attempting to collect a debt are violations of numerous and

6

multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(2), 1692d, 1692e, 1692(5), 1692e(10), 1692e(11) and 1692(f) amongst others.

## Respondeat Superior Liability

27. The acts and omissions of Defendant John, Defendant Jane, and/or the other debt collectors employed as agents by Defendant CTI who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant CTI.

28. The acts and omissions by Defendant John, Defendant Jane and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant CTI in collecting consumer debts.

29. By committing these acts and omissions against Plaintiff, Defendant John, Defendant Jane and these other debt collectors were motivated to benefit their principal, Defendant CTI.

30. Defendant CTI is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

*Summary*

31. The above-detailed conduct by Defendants, by contacting a consumer after it knows the consumer to be represented by an attorney with regard to the debt being collected and without attorney consent, using conduct the natural consequence of which is to harass, oppress, or abuse any person, using false, deceptive, or misleading representations in connection with the debt collection, threatening to take any action that cannot legally be taken or that is not intended to be taken, failing to communicate that Defendants are debt collectors and attempting to collect a debt is a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

32. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendants in the form of anger, anxiety, emotional distress, frustration, embarrassment amongst other negative emotions.

33. Defendants' negligent and/or intentional acts resulted in the violation of numerous provisions of state and federal law and resulted in actual damages to the Plaintiff.

## **TRIAL BY JURY**

34. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

37. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

### **15 U.S.C. § 1692 et seq.**

38. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

39. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff; and

40. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff.

MARTINEAU, GONKO & VAVRECK, PLLC

Dated:  March 10, 2010

 s/ Mark L. Vavreck                              .
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220